## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WENDY ALBERTY, | : | CIVIL NO. 3:20-CV-01014-AVC |
|    *Plaintiff*, | : | |
| | : | |
|         v. | : | |
| | : | |
| TROOPER ROBERT A. HUNTER | : | |
| and SERGEANT STEPHEN J. | : | |
| SAMSON | : | |
|    *Defendants*, | : | FEBRUARY 23, 2022 |

## **DEFENDANTS' ANSWER AND DEFENSES**

The defendants provide the following answer to the plaintiff's amended complaint (Doc. No. 8-1) as follows:

1. Paragraphs 1-2 are denied.

2. As to the allegations in paragraph 3, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

3. Paragraph 4 is denied.

4. As to the allegations in paragraph 5, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

5. As to the allegations in paragraphs 6-8, the defendants lack sufficient information to admit or deny allegations regarding the vague time period of "at all relevant times" and therefore leave the plaintiff to her proof.

6. As to the allegations in paragraph 9-11, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

7. As to the allegations in paragraph 12, the defendants admit that the plaintiff opened the luggage compartment for the victim.  For the remainder of the paragraph, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

8. As to the allegations in paragraph 13-14, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

9. As to the allegations in paragraph 15, the defendants admit that the plaintiff closed the luggage compartment door with the victim locked inside.  The remainder is denied.

10. Paragraphs 16-17 are denied because they are inaccurate/misleading.

11. For the allegations in paragraph 18, the defendants admit that Trooper Hunter pulled over the bus on Interstate 84 toward Boston and informed the driver that a passenger called 911 and said she was in the luggage compartment.  The driver opened the luggage compartments and allowed the victim out of the compartment.  Defendant Samson arrived on the scene. For the remainder of the paragraph, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

12. Paragraph 19 is denied because it is inaccurate/misleading.

13. Paragraph 20 is denied.

14. As to the allegations in paragraph 21, the defendants admit that the victim stated that the plaintiff intentionally locked her in the luggage compartment.  The defendants further admit that the victim stated that the plaintiff said "Ha! Enjoy the ride!" and then shut the luggage compartment door.  The remainder is denied.

15. As to the allegations in paragraph 22, the defendants admit that the plaintiff was charged with breach of peace 2nd degree, reckless endangerment 2nd degree, and unlawful restraint 1st degree.  The remainder is denied.

16. As to the allegations in paragraph 23, the defendants admit that the plaintiff was arrested.  The remainder is denied because it is inaccurate/misleading.

17. Paragraph 24 is denied.

18. Paragraph 25 is admitted.

19. Paragraphs 26-27 are denied because they are misleading/inaccurate.

20. Paragraphs 28-30 are denied.

21. As to the allegations in paragraph 31, the defendants do not admit or deny the contents of the police report as the document speaks for itself.  For the remainder, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

22. Paragraphs 32-42 are denied.[1]

23. Paragraph 42 (second paragraph labeled "42") is admitted that the plaintiff was arrested.

24. As to the allegations in paragraph 43, the defendants lack sufficient information to admit or deny and therefore leave the plaintiff to her proof.

25. Paragraphs 44-47 are denied.

26. As to the allegations in paragraphs 48-49, the defendants lack sufficient information to admit or deny this overly vague allegation regarding refraining from speech and therefore leave the plaintiff to her proof.  Defendants admit that the plaintiff has First and Fifth Amendment rights.

---

[1] The defendants deny both paragraphs labeled. "36."

27. Paragraphs 50-53 are denied.

## **DEFENSES**

1. The defendants did not violate the plaintiff's clearly established rights. They acted in an objectively reasonable manner, within the scope of their employment, and with an objective belief that their actions did not violate any clearly established law. Furthermore, there was at least arguable probable cause to arrest the plaintiff. The defendants are entitled to qualified immunity from money damages.

**Jury Demand: Defendants request a trial by jury.**

DEFENDANTS
TROOPER HUNTER, ET AL.

WILLIAM TONG
ATTORNEY GENERAL


BY:____/s/_____
Robert S. Dearington
Assistant Attorney General
Federal Bar #ct28862
110 Sherman Street
Hartford, CT  06105
Tel:  (860) 808-5450
Fax:  (860) 808-5591
E-Mail: Robert.Dearington@ct.gov

## CERTIFICATION

I hereby certify that on February 23, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system. Parties may access this filing through the Court's system.

                                                                           /s/_____
                                                         Robert S. Dearington
                                                         Assistant Attorney General